# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ANTONIO M. JONES,

    Petitioner,

v.                                      CASE NO. 2:19-CV-1849
                                            JUDGE GEORGE C. SMITH
                                            Chief Magistrate Judge Deavers

TIMOTHY SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL INST.,

    Respondent.

## OPINION AND ORDER

On May 13, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 5). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 7). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 7) is **OVERRULED**. The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the dismissal of the case as time-barred. He states that he is the victim of a grave miscarriage of justice and has been wrongly convicted of murder based on an accidental death. He further indicates that the Chillicothe Correctional Institution, where he resides, does not permit inmates to communicate with each other while in the prison's law library, and does not assist them in drafting legal documents, thereby unconstitutionally limiting his access to a jailhouse lawyer, and depriving him of access to the courts.

Here, the statute of limitations expired in May 2018. Petitioner waited approximately one year, until May 5, 2019, to execute this habeas corpus Petition. Thus, this action plainly is time-barred.

However, the AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *see Hall v. Warden*, *Lebannon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, Petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010) (citing *Pace*, 544 U.S. at 418)). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall,* 662 F.3d at 751 (citation omitted); *Keeling*, 673 F.3d at 464. These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D.Tenn. Jan.9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13–1372–AG (JPR), 2014 WL 5661023, at 12 (C.D.Cal. Oct.31, 2014) (citations omitted). The lack of legal assistance or access to a jailhouse lawyer likewise does not provide grounds for equitable tolling. *See United States v. Hathorn*, No. 1:12-cr-50, 2016 WL 4462612, at *2 (W.D. Mich. Aug. 24, 2016) (citing *Uriarte v. Terhune*, 9 F. App'x 753, 754 (9th Cir. 2001) (inability to find a jailhouse lawyer was not an extraordinary circumstance warranting equitable tolling, even though movant could not write English); *Newson-Bey v. McGuiggin*, 78 Fed. R. Serv. 3d 656, 2011 WL 124469, at *4 (E.D. Mich. 2011) (noting a defendant "is not entitled to equitable tolling of the statute of limitations based upon his level of education or his inability to secure the services of a jailhouse lawyer"); *Moore v. Curley*, No. 11-13451, 2012 WL 3029779, at *4 (E.D. Mich. July 25, 2012) (finding " a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance"); *Nogueras v. Biter*, No. 1-11-CV-01106, 2012 WL 371941, at *7 (E.D. Cal. Feb. 3, 2012) (noting that movant was not entitled to equitable tolling because he could not secure a jailhouse lawyer and had limited access to the prison law library).[1] Moreover, the record is without support for Petitioner's allegation that he was unable to access the courts. To the contrary, Petitioner pursued various state court actions during the time period at issue, including a state post conviction petition, two delayed motions for a new trial, a motion for relief from judgment, appeals therefrom, and other collateral actions.

---

[1] A prisoner does not have the right to a jailhouse lawyer or legal assistance. *See Proctor v. Applegate*, 661 F.Supp.2d 743, 770 (E.D. Mich. 2009) ("It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims. Rather, a jailhouse lawyer's right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court.") (citing *Smith v. Campbell*, 250 F.3d 1032, 1037 n. 1 (6th Cir.2001) (internal citation omitted).

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence in this context means factual innocence, not mere legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623 (1998). However, a petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup [v. Delo*], 513 U.S. [298,] 316 [ (1995) ]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Souter*, at 589-90 (footnote omitted). The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup,* 513 U.S. at 332, 327). Petitioner does not offer any new, credible or reliable evidence in support of his claim of actual innocence, and the record does not indicate that equitable tolling of the statute of limitations is warranted on this basis.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 7) is **OVERRULED**. The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ⸺U.S.⸺. ⸺, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

5

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

        */s/ George C. Smith*
        **GEORGE C. SMITH**
        **United States District Judge**